UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re:                                    :
                                          :    Case No.  17-10358
Carmita Schenck                           :    Chapter 13

### THIRD AMENDED CHAPTER 13 PLAN

**PAYMENTS.** Debtor is to pay to the Chapter 13 Trustee the sum of the following amounts:
$250.00 per month for 4 months, then $350.00 per month for 56 months, for a total plan of $20,600.00

**DISBURSEMENTS.** Creditors shall be paid in the following order and in the following fashion.  Unless stated otherwise, the Chapter 13 Trustee will make the payments to creditors. All disbursements by the Trustee to be made pro-rata by class, except per month disbursements described below:

1. **Trustee's Commission.**  Pay Trustee a commission in a percentage approved by the Court, not to exceed 10%.  The Trustee's Commission is based upon monies received from the debtor.

2. **Executory Contract/Lease Arrearages**. Trustee to cure pre-petition arrearage on any executory contract accepted in paragraphs 3(A or B) over the following period, estimated as follows:

| CREDITOR NAME | TOTAL AMOUNT DUE | CURE PERIOD |
|---|---|---|

**None.**

3. Pay sub-paragraphs concurrently:

   A. **Post-petition real property lease payments.** Debtor assumes executory contract for real property with the following creditor(s) and proposes to maintain payments in accordance with terms of the original contract as follows:  None

   B. **Post-petition personal property lease payments**. Debtor assumes executory contract for personal property with the following creditor(s) and proposes to maintain payments in accordance with terms of the original contract as follows: None.

   C. **Continuing Debt Payments (including post-petition mortgage payments on real estate other than Debtor's residence )** Maintain payments of the

(L.F. 13 Rev. 10/08)

following continuing debt(s) in accordance with terms of the original contract with any arrearages owed at the time of filing to be cured in paragraph 5 below. None.

| CREDITOR NAME | MONTHLY PAYMENT |
|---|---|

(D) **Post-petition mortgage payments on Debtor's residence.** Payments due postfiling on debt(s) secured by lien(s) on Debtor(s) residence to be at the monthly amount listed below (or as adjusted by creditor under terms of loan agreement) to:

| CREDITOR NAME | MONTHLY PAYMENT | BY DEBTOR/TRUSTEE |
|---|---|---|
| Ditech Financial,LLC | $ 565.00 | By Debtor |

(E) **DSO Claims in equal installments.** Pay the following pre-petition domestic support obligation arrears in full in equal monthly installments over the life of the plan, estimated as:

| CREDITOR NAME | TOTAL AMOUNT DUE | INTEREST RATE |
|---|---|---|

None

4. **Attorney Fees**. Pay Debtor's attorney $ 1,200.00 in one installment upon confirmation of the plan.   Claim No. 1.

5. Pay sub-paragraphs concurrently:

(A) **Pre-petition arrears on secured claims as per paragraph 3 above.** Pay arrearage on debt secured by liens on real property in equal monthly installments over the period and with the interest rate identified below, estimated as follows:

| CREDITOR NAME | TOTAL AMOUNT DUE | CURE PERIOD | INTEREST RATE |
|---|---|---|---|
| Ditech Financial, LLC | $ 15,486.28, as per proof of claim #4 | 60 months | As per claim |

(B) **Secured claims to be paid in full.** The following claims shall be paid in full in equal monthly payments over the period set forth below with _____% interest.

| CREDITOR | EST BALANCE DUE | REPAY PERIOD | TOTAL w/ INTEREST |
|---|---|---|---|
| City of Philadelphia | $ 2128.00 As per Claim # 9 | 60 months. | $ 2128.00 |

(L.F. 13 Rev. 10/08)

    C. **Secured Claims to be treated as Unsecured Claims: Regional Acceptance Corp. Claim # 2**. Regional Acceptance Corp. has obtained an order for relief from stay and the collateral has been surrendered to the Trustee. This claim will be treated as an unsecured claim.

    D. **Secured claims subject to modification.** Pay all other secured claims the fair market value of the collateral, as of the date the petition was filed, in equal monthly payments over the period set forth below with ____% interest and with any balance of the debt to be paid as non-priority unsecured debt under paragraph 9 (A), estimated as set forth below: **None.**

    E. C**o-debtor guaranteed debt paid in equal monthly installments**. The following co-debtor guaranteed claims(s) to be paid by Trustee or by the co-debtor as noted below. If paid by Trustee, pay claim in equal monthly installments over the period and with interest as identified below. None.

6. Pay sub-paragraphs concurrently:

    A. U**nsecured Co-debtor guaranteed claims**. The following unsecured co-debtor guaranteed debt to be paid by Trustee or by the co-debtor as noted below. If paid by Trustee, pay claim in full with interest rate as identified below. **None.**

    B. A**ssigned DSO Claims**. Domestic support obligation arrearages assigned to, or recoverable by, a governmental unit, to be paid a fixed amount with the balance to be owed by the Debtor(s) after completion of the Plan, pursuant to § § 507(a)(1)(B) and 1322(a)(4). Regular payments that become due after filing shall be paid directly by Debtor(s). None.

7. P**riority Claims.** Pay the following priority claims allowed under 11 U.S.C. Section 507 in full, estimated as follows: None.

8. Pay the following sub-paragraphs concurrently:

    A. G**eneral Unsecured Claims**. Pro-rata payment of non-priority, unsecured creditors.

    B. **Surrender of Collateral**. Debtor proposes to surrender the following collateral to the following creditor(s) with any deficiency paid as nonpriority unsecured debt: 2012 Mazda 6; Regional Acceptance Claim # 2. See 5C. above.

    C.  **Rejected Executory Contracts/Leases.**  Debtor rejects the following executory contract(s) with the following creditor(s).  Any balance to be paid as non-priority unsecured debt:  None.

9. **Other:**  None.

10. All secured creditors shall retain the liens securing their claims until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under section 1328.  However, the Debtor will request avoidance of non-purchase money liens secured by consumer goods as well as judicial liens which impair exemptions and said creditors will not retain their liens if the Court enters an order granting the Debtor's request to avoid the liens.

11. Any pledged credit union shares or certificates of deposit held by any bank shall be applied to the amount owed such Claimant.

12. Title to Debtor's property to re-vest in Debtor upon confirmation.  Debtor is not to incur further credit or debt without the consent of the Court unless necessary for the protection of life, health or property and consent cannot be obtained readily.

13. Any post-petition claims filed and allowed under 11 U.S.C. section 1305 may be paid through the plan.


CREDITOR'S NOTICE: YOU MUST FILE A CLAIM IN ORDER TO PARTICIPATE IN DISBURSEMENTS PROPOSED HEREIN. CLAIMS SHALL SHARE ONLY IN FUNDS DISBURSED AFTER THE CHAPTER 13 TRUSTEE RECEIVES THE CLAIM.  IN COMPLIANCE WITH ORDER OF THE COURT, ABSENT A SPECIFIC ORDER OF THE COURT TO THE CONTRARY, THE CHAPTER 13 TRUSTEE, RATHER THAN THE DEBTOR, WILL MAKE ALL PRE-CONFIRMATION DISBURSEMENTS PURSUANT TO SECTION 1326(a).  ALL CREDITORS ENTITLED TO PRE-CONFIRMATION DISBURSEMENTS, INCLUDING LEASE CREDITORS, MUST FILE A PROOF OF CLAIM TO BE ENTITLED TO RECEIVE SUCH PAYMENTS FROM THE CHAPTER 13 TRUSTEE. PURSUANT TO LOCAL RULE, THE PROOF OF CLAIM SHALL CONTROL THE VALUATION OF COLLATERAL AND ANY VALUATION STATED IN THE PLAN SHALL NOT BE BINDING ON THE CREDITOR.


DATE: 8/21/2017                  DEBTOR: /s/ Carmita D.Schenck _____

(L.F. 13 Rev. 10/08)

(L.F. 13 Rev. 10/08)

5